IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ROBERT BELL                                                                           PLAINTIFF

vs.                              Civil No. 2:16-cv-02118

NANCY A. BERRYHILL                                                                    DEFENDANT
Acting Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Robert Bell ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of disability under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 6.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff filed his disability applications on December 18, 2013. (Tr. 38). In his applications, Plaintiff alleges being disabled due to his inability to read and write or spell, his anxiety, shoulder and back problems, and stomach problems. (Tr. 282). Plaintiff alleges an onset date of April 15,

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "Tr."

2013. (Tr. 38). These applications were denied initially and again upon reconsideration. (Tr. 92-167).

Thereafter, Plaintiff requested an administrative hearing on his denied applications. (Tr. 183-184). The ALJ granted that request and held an administrative hearing on January 27, 2015 in Fort Smith, Arkansas. (Tr. 61-91). At this hearing, Plaintiff was present and was represented by Iva Nell Gibbons. *Id.* Plaintiff and Vocational Expert ("VE") Deborah Steele testified at this hearing. *Id.* At this hearing, Plaintiff testified he was thirty-nine (39) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (DIB) and 20 C.F.R. § 416.963(c) (SSI). (Tr. 66). As for his level of education, Plaintiff testified he completed the 9th or 10th grade but never obtained his GED. (Tr. 66-67).

After this hearing, on April 8, 2015, the ALJ entered an unfavorable decision denying Plaintiff's applications for SSI and DIB. (Tr. 35-49). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through September 30, 2017. (Tr. 40, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since April 15, 2013, his alleged onset date. (Tr. 40, Finding 2). The ALJ determined Plaintiff had the following severe impairments: chronic lower back pain syndrome; internal derangement of his right shoulder, secondary to traumatic injury, status/post-arthroscopy; reflex sympathetic dystrophy/right shoulder (RSD); anxiety; and depression. (Tr. 40, Finding 3). Despite being severe, the ALJ determined these impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 41-42, Finding 4).

The ALJ then considered Plaintiff's Residual Functional Capacity ("RFC"). (Tr. 42-47, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed

2

limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he is functionally illiterate, and he is limited to jobs involving simple tasks and simple instructions, with only incidental contact with the public. He is further limited to occasional overhead reaching and frequent but not repetitive manipulation with his right dominant hand.

*Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff was unable to perform his PRW. (Tr. 48-49, Finding 10). The ALJ also considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. *Id.* The VE testified at the administrative hearing regarding this issue. *Id.* Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform the following: (1) sandwich board carrier (light, unskilled) with 15,162 such jobs in the nation and 110 such jobs in Arkansas; and (2) scaling machine operator (light, unskilled) with 25,793 such jobs in the nation and 326 such jobs in Arkansas. (Tr. 48). Because Plaintiff retained the capacity to perform this work, the ALJ also determined Plaintiff had not been under a disability, as defined by the Act, from April 15, 2013 through the date of his decision or through April 8, 2015. (Tr. 49, Finding 11).

Thereafter, Plaintiff requested a review by the Appeals Council. (Tr. 16). On May 5, 2016, the Appeals Council denied this request. (Tr. 1-4). On May 25, 2016, Plaintiff filed the present appeal with this Court. ECF No. 1. The Parties consented to the jurisdiction of this Court on May 31, 2016. ECF No. 6. Both Parties have filed appeal briefs. ECF Nos. 13-14. This case is now ripe for determination.

## 2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.  **Discussion:**

In his appeal brief, Plaintiff raises three arguments for reversal: (1) the ALJ erred by failing to fully and fairly develop the record; (2) the ALJ erred in assessing his credibility; and (3) the ALJ erred in assessing his RFC. ECF No. 13 at 1-19. Upon review, the Court agrees that the ALJ improperly evaluated his subjective complaints. Accordingly, the Court will only address the second argument Plaintiff has raised.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and

20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not comply with the requirements of *Polaski*. Instead of complying with *Polaski* and considering the *Polaski* factors, the ALJ only focused on Plaintiff's medical records. (Tr. 42-47). Notably, the ALJ *recited* he had considered Plaintiff's subjective complaints and then made the following finding:

> In sum, although the claimant has limitations due to his impairments, the undersigned is not persuaded that he is totally disabled and unable to perform work at a level consistent with the above residual functional capacity. *The undersigned notes that the objective medical evidence of record simply does not support a finding of complete disability.* It is specifically noted that the claimant was released to return to his regular work duties with a 0% permanent disability, secondary to his shoulder injury. MRI studies, x-rays, and EMG/nerve conduction studies of record do not reveal acute abnormalities. The undersigned does not discount the fact that the claimant has pain, but the inability to work without some pain or discomfort is not a sufficient reason to find a claimant disabled within the strict definition of the Social Security Act. The issue is not the existence of the symptoms, but whether the symptoms of a claimant experiences preclude the performance of substantial gainful activity.

(Tr. 47) (emphasis added).

The Court finds the ALJ's decision to discount Plaintiff's subjective complaints without a sufficient basis was improper under *Polaski*. See *Polaski,* 739 F.2d at 1322 (holding a claimant's subjective complaints cannot be discounted "solely because the objective medical evidence does not fully support them [the subjective complaints]"). Accordingly, because the ALJ provided no valid reasons for discounting Plaintiff's subjective complaints, this case must be reversed and remanded.

4. **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits

to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.[3]  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

  **ENTERED this 27th day of April 2017.**

                /s/  Barry A. Bryant
                HON. BARRY A. BRYANT
                U. S. MAGISTRATE JUDGE

---

[3] This remand is ordered solely for the purpose of permitting the ALJ the opportunity to comply with the requirements of *Polaski*.  No part of this remand should be interpreted as an instruction that disability benefits be awarded.  Upon remand, the ALJ should further evaluate the evidence and make a disability determination, subject to this Court's later review.